**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT</u>**

I, Tyler Billings, a Special Agent (SA) with the Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, state as follows:

1.      I have been employed with the ATF since May 2024. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program. I also am a graduate of the ATF Special Agent Basic Training Program. I received training in firearms investigations, drug investigations, and explosive devices investigations. Prior to becoming a Special Agent, I was a law enforcement officer in Vermont from January 2017 to May 2024. From April 2021 to May 2024, I was a detective for the Rutland City Police Department (RPD). From October 2022 to May 2024, I was also assigned to Homeland Security Investigations (HSI) Task Force in Burlington, Vermont as a Task Force Officer (TFO). As a law enforcement officer, detective, and task force officer, I have conducted and assisted in investigations regarding child exploitation, fraud, money laundering, drug trafficking, firearms trafficking, and violent crime investigations. In connection with my duties as a RPD Detective, HSI TFO, and ATF SA, I have participated in various aspects of investigatory work, including controlled narcotics purchases and controlled firearms purchases with the use of confidential informants and/or undercover law enforcement investigators. I have participated in several narcotics and firearms related arrests and the execution of narcotics and firearms related search warrants. I have also written affidavits in support of applications for various types of search warrants and arrest warrants. As an ATF Special Agent, I am authorized to investigate the violations of federal law and to execute warrants issued under the authority of the United States.

2.      I present this affidavit in support of a criminal complaint alleging violations of: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), distribution of fifty (50) grams

or more of methamphetamine (actual), and Title 18, United States Code, Section 922(g)(1), possession of a firearm by a convicted felon, by Kuron Christopher Grant (**GRANT**).

3. This Affidavit contains information necessary to support probable cause for the Criminal Complaint. The information contained in this Affidavit is based on my personal participation in the investigation of the case and from information provided by other law enforcement officers. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts which I believe are necessary to establish the requisite foundation for probable cause.

### Investigation Overview

4. Since August 2025, the ATF, the Asheville Police Department (APD), the Buncombe County Sheriff's Office (BCSO) and the Drug Enforcement Administration (DEA) have been investigating a drug trafficking organization (DTO) for the distribution of fentanyl, methamphetamine, firearms, and other controlled substances in the Western District of North Carolina, including in the Buncombe County area. **GRANT** is known to be a member of the DTO. Beginning in August 2025 and continuing through September 2025 in Buncombe County, investigators conducted six controlled purchases of drugs and/or firearms from **GRANT**.

5. One of these controlled purchases occurred on September 10, 2025, during which investigators purchased drugs and a firearm from **GRANT** with an undercover agent (UC1). Prior to deal, UC1 and **GRANT** communicated via text messages and phone calls. **GRANT** told UC1 that he had a Sig Sauer firearm and methamphetamine for sale. **GRANT** indicated the firearm would cost $500 and the methamphetamine $250 per ounce. On September 10 at approximately

2:50 p.m., UC1 and a second undercover agent (UC2) traveled to 127B Barlett Street, Asheville, North Carolina to purchase the firearm and methamphetamine from **GRANT**.

6.  Once UC1 and UC2 arrived at 127B Barlett Street, **GRANT** exited apartment #110 and approached the undercover vehicle and asked UC1 to come inside.  UC1 agreed.  Once inside the apartment, **GRANT** sold UC1 approximately 88 grams of methamphetamine for $750.  While purchasing the methamphetamine, **GRANT** told UC1 that they needed to travel to a different location for the firearm.

7.  UC1 and **GRANT** exited the apartment and returned to the undercover vehicle. The undercovers and **GRANT** traveled to 14 Erskine Avenue, Asheville, North Carolina.  There **GRANT** met with an unknown individual on the porch of 14 Erskine Avenue.  Moments later, **GRANT** returned to the undercover vehicle and provided UC1 with a Sig Sauer (Sig-Arms), model P365 SAS, 9mm caliber pistol, which he offered to sell for $300.  UC1 then provided **GRANT** with $300 for the pistol.  The undercovers and **GRANT** returned to the Bartlett Street area where **GRANT** left the undercover vehicle.

8.  The DEA laboratory confirmed the methamphetamine **GRANT** sold to UC1 was 66.50 grams of pure methamphetamine hydrochloride.

9.  ATF SA Mark Gage, a firearms interstate nexus expert, determined the Sig Sauer (Sig-Arms), model P365 SAS, 9mm caliber pistol **GRANT** sold was manufactured outside the state of North Carolina and would have traveled in or affected interstate and/or foreign commerce.

10.  Lastly, I know **GRANT** to a convicted felon and believed **GRANT** knowingly possessed a firearm.  I have reviewed **GRANT's** criminal history and judgments from the Buncombe County Clerk of Court, and determined **GRANT** had at least one prior conviction for a crime punishable by a term exceeding one year and therefore was prohibited from possessing a

firearm on September 10, 2025. Based on a judgment from the Buncombe County Clerk of Court, **GRANT** was convicted on or about September 9, 2024, for felony common law robbery, felony assault with a deadly weapon inflicting serious injury, and felony carrying a concealed gun, in the State of North Carolina, Buncombe County, in the General Court of Justice, Superior Court Division, and received a suspended sentence of no less than 20 months and no more than 36 months. I further learned **GRANT** was on North Carolina state probation on September 15, 2025, and could not possess a firearm. Because **GRANT** received a sentence more than 12 months, **GRANT** knew he received a sentence more than 12 months, and **GRANT** was on probation at the time of the offense, **GRANT** knew he was a prohibited from possessing a firearm on September 15, 2025. **GRANT** had not been pardoned by any jurisdiction where the conviction occurred.

## Conclusion

11.     Based upon training, experience, and the facts of this investigation, there is probable cause to believe that Kuron Christopher Grant on September 10, 2025, in the Western District of North Carolina, and within the jurisdiction of this Court, did knowingly and intentionally distribute of fifty (50) grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, a Sig Sauer (Sig-Arms), model P365 SAS, 9mm caliber pistol, that was manufactured outside the state of North Carolina, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully,

/s/ Tyler Billing
Tyler Billings
Special Agent, ATF


***Affidavit Reviewed by Assistant United States Attorney Christopher S. Hess***


In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 6th day of November, 2025, at 11:01 AM.


W. Carleton Metcalf
United States Magistrate Judge